# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD TURNER,<br><br>Petitioner,<br><br>v.<br><br>C. KOENIG,[1]<br><br>Respondent. | Case No. 1:19-cv-00495-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF No. 10) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 5, 2008, Petitioner was convicted by a jury in the Fresno County Superior Court of two counts of second-degree robbery with personal use of a firearm. Petitioner was sentenced to an imprisonment term of sixty-five years to life. (LD[2] 1, 2). On September 17, 2009, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On December 17, 2009, the California Supreme Court denied the petition for review. (LDs 3, 4). Thereafter, Petitioner filed three state habeas petitions, which were all denied. (LDs 5–10).

---

[1] The correct spelling of Respondent's last name is Koenig. (ECF No. 10 at 1 n.1).
[2] "LD" refers to the documents electronically filed by Respondent on June 27, 2019. (ECF No. 11).

1

On April 12, 2019,[3] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On June 21, 2019, Respondent filed a motion to dismiss the petition as untimely. (ECF No. 10). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 12, 13). Petitioner filed a surresponse without leave of the Court.[4] (ECF No. 14).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 10 at 2 n.2).

[4] In the interest of justice, however, the Court will consider Petitioner's arguments set forth in the surresponse.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, in the surresponse, Petitioner appears to argue that the limitation period began to run on a later date when he discovered new evidence. (ECF No. 14 at 1–2).[5] Although unclear, it appears that the newly discovered evidence consists of transcripts from hearings held in the superior court on April 11, 2007 and February 28, 2008. (ECF No. 14 at 5–10).

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), "*not* when [the factual predicate] actually was discovered," Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added). "Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." Id. (internal quotation marks and citations omitted). Here, however, Petitioner's claims are not based on facts of which Petitioner was unaware or facts that could not have been discovered through due diligence almost a decade after his conviction. Petitioner was present at the hearings in question. Therefore, § 2244(d)(1)(D) is not applicable.

Based on the foregoing, § 2244(d)(1)(A) is applicable in the instant case and the limitation period began running on the date that Petitioner's direct review became final. Here, the judgment became final on March 17, 2010, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day,

---

[5] Page numbers refer to the ECF page numbers stamped at the top of the page.

March 18, 2010, and absent tolling, was set to expire on March 17, 2011. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner filed his first state habeas petition on January 18, 2018, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

Further, the Clerk of Court is DIRECTED to amend the caption to reflect "C. Koenig" as Respondent.

///

1  |  This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 2, 2019**

UNITED STATES MAGISTRATE JUDGE