# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD TURNER, | Case No. 1:19-cv-00495-LJO-SAB-HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S REQUEST TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| C. KOENIG, | |
| Respondent. | |
| | (ECF Nos. 10, 15, 16) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 5, 2019,[1] the Magistrate Judge issued Findings and Recommendation that recommended granting Respondent's motion to dismiss and dismissing the petition as untimely. (ECF No. 15).

On September 6, 2019, the Court received a document entitled "Objections to Magistrate Judge's Findings and Recommendation." Therein Petitioner requests a stay and abeyance of the instant proceedings "in order for Petitioner to present newly discovered probative evidence to the Fresno County Superior Court for review." (ECF No. 16).

---

[1] The Findings and Recommendation was signed on August 2, 2019, but not entered on the docket until August 5, 2019.

1

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). The "total exhaustion rule" requires a district court to dismiss "mixed petitions"—that is, "habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

The Supreme Court has recognized, however, that a district court has discretion to stay a mixed petition "to allow the petitioner to present unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines v. Weber, 544 U.S. 269, 271–72, 277 (2005). Under Rhines, "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

In the instant case, the Court finds that stay and abeyance would not be appropriate.[2] As set forth in the Findings and Recommendation, dismissal is warranted because Petitioner did not file his petition until eight years after the limitations period expired. (ECF No. 15). The Court notes that the Findings and Recommendation addressed whether Petitioner's newly discovered evidence, which appeared to consist of transcripts from hearings held in the superior court on April 11, 2007 and February 28, 2008,[3] warranted a later commencement date of the limitations period. The issue of exhaustion was not raised in the motion to dismiss and is not a basis for the Magistrate Judge's recommendation of dismissal.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's

---

[2] This conclusion does not prevent Petitioner from presenting any newly discovered evidence to the Fresno County Superior Court.

[3] As Petitioner has provided no description, it is unclear whether the "newly discovered probative evidence" referenced in Petitioner's objections is the same evidence referenced in Petitioner's surresponse.

objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on August 5, 2019 (ECF No. 15) is ADOPTED;
2. Respondent's motion to dismiss (ECF No. 10) is GRANTED;
3. Petitioner's request for stay and abeyance (ECF No. 16) is DENIED;
4. The petition for writ of habeas corpus is DISMISSED;
5. The Clerk of Court is DIRECTED to CLOSE the case; and
6. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 4, 2019**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE